UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4134

THOMAS JUNIOR SHIELDS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-89-26-D)

Submitted: September 28, 1999

Decided: October 14, 1999

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior District Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Michael F.
Joseph, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Junior Shields appeals the district court's revocation of his supervised release term and its imposition of a twenty-four-month prison sentence, based upon Shields' violation of the terms and conditions of his supervised release. Shields' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the district court abused its discretion by revoking Shields' supervised release and that the twenty-four-month sentence was plainly unreasonable, but concluding that there are no meritorious issues for appeal. Shields filed a supplemental pro se brief arguing that the district court erred by admitting hearsay evidence at the revocation hearing and that the district court abused its discretion by revoking his supervised release for simply failing a urine test. Finding no error, we affirm.

Shields was convicted in 1989 of being a felon in possession of a firearm, 18 U.S.C. § 922(g) (1994), and sentenced to ten years of imprisonment, followed by three years of supervised release. Shields completed his term of imprisonment and began his term of supervised release on February 12, 1998.

After Shields was found in possession of a firearm and tested positive for cocaine use, the district court held a supervised release revocation hearing. Shields admitted that he tested positive for cocaine on two occasions but denied possession of the firearm. The government presented the testimony of Harnett County Deputy Sheriff Parshall who stated that on September 7, 1998, he stopped a car in which Shields was one of four occupants. Over Shields' objection, Parshall testified that one of the other passengers in the car, Ms. Jamie Carroll, told him that Shields had handed her a P-89 Ruger and told her to "sit on it."* Carroll refused and Shields threw the weapon on the floor-

_____

*Carroll was not called as a witness.

2

board in front of her. The gun was found beneath the driver's seat. Carroll also told Parshall that she had been at a party with Shields earlier in the evening and that she saw Shields "with the handgun all night long and [he] was waving it around frantically at the party." The government also presented the testimony of Lieutenant William C. Wade, who testified as to statements made to him the following morning by Ms. Carroll which contained the same facts as the statements made to Parshall.

Based on this evidence, the district court found that Shields had violated his supervised release both by possessing the firearm and by testing positive for cocaine use--both Grade B violations--with a guideline range of twenty-one to twenty-seven months imprisonment. The district court sentenced Shields to twenty-four months imprisonment, the statutory maximum. See 18 U.S.C.§ 3583(e)(3) (1994). Shields appeals.

This court reviews the district court's decision to revoke a defendant's supervised release for an abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Revocation of supervised release is mandatory if the defendant unlawfully possesses a controlled substance or a firearm. See 18 U.S.C.A. § 3583(g) (West 1985 & Supp. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3). Because the evidence was sufficient to establish that Shields tested positive for a controlled substance and possessed a firearm--either of which provided independent grounds for revoking supervised release--we find no abuse of discretion in the district court's decision to revoke his supervised release.

In his supplemental pro se brief, Shields argues, first, that the district court erred by allowing Parshall and Wade to testify regarding statements made to them by Carroll. However, Fed. R. Evid. 1101(d)(3) explicitly provides that the Rules of Evidence do not apply to miscellaneous proceedings such as probation revocation hearings. Shields also claims that the district court has the discretion not to revoke supervised release "when a defendant simply fails a drug test." However, because the firearms possession provided an independent basis for mandatory revocation of Shields' supervised release, this claim is also without merit.

3

Because Shields' sentence does not exceed the maximum statutory limit established under 18 U.S.C.A. § 3583(e)(3), this court reviews Shield's sentence only to determine if it is plainly unreasonable. See 18 U.S.C. § 3742(a)(4) (1994). Given the facts of this case and the nature of Shields' conduct, we cannot say that the twenty-four-month sentence imposed by the district court was plainly unreasonable.

Pursuant to Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm the district court's order revoking Shields' supervised release and imposing a twenty-four month sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4